UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VANCE GENE BRIDGEMON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:10 CV 298 |
| ) | |
| SUPERINTENDENT, Westville ) | |
| Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

### OPINION and ORDER

Petitioner Gene Bridgemon, a prisoner confined at the Westville Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2006 LaPorte County convictions for robbery. Bridgemon pled guilty to the charges against him, and was sentenced to two consecutive twelve-year terms of imprisonment. He asserts in his petition that police officers "misled" the judge to obtain a search warrant for his vehicle, in violation of the Constitution's Fourth Amendment, and that after his arrest a court with "no jurisdiction" held the initial hearing. (DE # 1 at 3.)

The Respondent argues that Bridgemon did not exhaust his state court remedies on the claims he raises in this petition, as required by 28 U.S.C. 2254(b)(1)(A), because he did not present them to the Indiana Supreme Court. In the alternative, he asserts that the Petitioner cannot show that the state courts did not provide him an opportunity for a full and fair hearing on his Fourth Amendment claim.

In his traverse, Bridgemon argues that he presented his arguments to the state trial court in the proceedings on his petition for post-conviction relief. Bridgemon appealed the denial of his petition for post-conviction relief (DE # 10-6), but he admits that after the state court of appeals affirmed the state trial court, he did not seek transfer to the Indiana Supreme Court, because "[t]o had (sic) filed a petition for transfer to the Indiana Supreme Court would had (sic) been *futile*." (DE # 13 at 4) (emphasis in original).

Section 28 U.S.C. 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the State's highest court where that review is normal, simple, and an established part of the State's appellate review process. *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-47 (1999). Failure to exhaust available state court remedies constitutes a procedural default. To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *Id.* at 844.

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first

opportunity to address and correct violations of their state's prisoners' federal rights. *Boerckel*, 526 U.S. at 845; *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, a habeas applicant must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The Petitioner concedes in his petition (DE # 1 at 3) and his traverse (DE # 13 at 3) that he did not present his claims to the Indiana Supreme Court. Accordingly, he has not presented his constitutional claims in one complete round of state review. *Baldwin*, 541 U.S. at 30-31; *Boerckel*, 526 U.S. at 845. The Petitioner has not shown an external cause for his failure to seek transfer to the Indiana Supreme Court; rather, he decided it would be "futile." (DE # 13 at 3.) Nor does the Petitioner argue that he is actually innocent. The Petitioner pled guilty to the charges against him and does not assert factual innocence; rather, he asserts a "mere legal insufficiency" which does not state a claim of "actual innocence." *Bousley*, 523 U.S. at 623.

Because the Petitioner has not exhausted his state court remedies on the claims he presents in this petition, and has not shown cause for his failure to exhaust his state

court remedies, the court must dismiss this petition. Because the court is denying this petition based on the exhaustion doctrine, it will not address the Respondent's alternative argument.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must consider whether to grant the Petitioner a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this memorandum, the court concludes that the Petitioner's petition must be dismissed because he has not exhausted his state court remedies. The Petitioner has not established that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage him to proceed

further. Accordingly, the court declines to issue the Petitioner a certificate of appealability.

For the reasons set forth above, the court **DISMISSES** the petition (DE # 1), **DIRECTS** the Clerk to close this case, and **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: July 6, 2011

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT